# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lee Harris,<br>　　　　　Petitioner,<br>v.<br>Charles L Ryan, et al.,<br>　　　　　Respondents. | No. CV-16-02182-PHX-SRB<br>**ORDER** |

Petitioner Jason Lee Harris filed his Petition for Writ of Habeas Corpus challenging his conviction in state court pursuant to a plea agreement on July 5, 2016. Respondents filed a limited answer on December 8, 2016 and Petitioner filed his reply on December 15, 2016. In his Petition, Harris alleges that his Sixth Amendment rights to a speedy trial were violated by a nearly two month delay between his initial appearance and his initial pretrial conference, his Fourteenth Amendment due process rights were violated when the court denied his motions to proceed pro per in order to have a more speedy trial, and he received ineffective assistance of counsel because his counsel did not raise the alleged speedy trial violation, file any motions, or proceed in Harris's interest. Respondent's limited answer argues that because Harris pled guilty, collateral review is barred for the pre-plea non-jurisdictional constitutional claims he raises in his Petition including ineffective assistance of counsel. Respondents also argue that Harris did not exhaust his state court remedies and is subject to a procedural bar. Harris did not file a Petition for Post-Conviction Relief in state court.

The Magistrate Judge issued his Report and Recommendation on April 4, 2017 recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice because Harris's guilty plea precludes habeas review of pre-plea non-jurisdictional constitutional claims and Harris's claims for deprivation of constitutional rights are all based on pre-plea conduct. The Magistrate Judge concluded that because Harris's plea was voluntarily and intelligently made, Harris may not subsequently seek federal habeas corpus relief. With respect to the claim of ineffective assistance of counsel the Magistrate Judge also concluded Harris never addressed any prejudice that he suffered or claimed the alleged ineffectiveness rendered his plea not voluntary, intelligent and knowing, therefore, the Court could not review the claim.

Harris filed timely written Objections to the Report and Recommendation of the Magistrate Judge to which the Respondents filed a response in support of the Report and Recommendation of Magistrate Judge. Harris's Objections raise the same arguments that he made in his original Petition asserting the alleged denial of constitutional rights that occurred prior to the entry of his guilty plea and states that the court should look to the circumstances under which he pled guilty. The Magistrate Judge did look at the circumstances under which he pled guilty noting that he had a settlement conference just after his initial pretrial conference and then pled guilty to one count of indecent exposure, a class 6 felony with two prior felony convictions and that the plea agreement contains Harris' initials on each individual paragraph. The Magistrate Judge also reviewed the signed Notice of Rights of Review after Conviction and Procedure form that explained the steps Harris needed to follow if he wished to exercise his right to post-conviction relief. There is nothing in the Petition or in the Objections that suggests that Harris meets any exception to the rule that a knowing, intelligent and voluntary guilty plea precludes raising claims of deprivation of constitutional rights that allegedly occurred before the entry of the guilty plea.

IT IS ORDERED overruling Harris' Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 40)

IT IS FURTHER ORDERED denying Harris' Petition for Writ of Habeas Corpus and dismissing it with prejudice.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 3rd day of May, 2017.

Susan R. Bolton
United States District Judge